Odom & Prejean, of Baton Rouge, for appellants.

J. E. Huckabay and C. E. Fernandez, both of Baton Rouge, for appellee.

### GOMEZ et al. v. STATE FARM MUT. AUTO INS. CO.

### No. 2013.

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

DORE, Judge.

The plaintiffs are the children of Benjamin Gomez who was killed on August 4, 1938, when he was struck by an automobile·on the Plank Road just north of the city limits of Baton Rouge while the automobile was being driven by Miss Lena Grand. The automobile was owned by Miss Grand's father and was. insured against public liability by the defendant. insurance company. The suit is against

the insurance company alone, and is for damages in the sum of $5,000.

It is alleged that the deceased Gomez was standing on the west side of said highway at a place called Abadie's Blue Room preparatory to crossing over on the east side to a store operated by one Folse; that Miss Grand was driving south on said highway at an excessive rate of speed; that there was nothing to keep her from seeing Gomez standing on the edge of the highway; that she did not keep a proper lookout and did not have her car under control; that she was driving too near the western edge of the road, and struck deceased with the right front of her car, hurled him into the air and threw him onto the hood of the car. In the alternative, and in case it is found that the deceased was guilty of negligence in standing on or too near the highway, it is alleged that the deceased was unaware of his danger, and Miss Grand knew or should have known that he was unaware of his dangerous position and had ample time and opportunity to avoid the accident and failed to do so, and therefore the defendant is liable under the last clear chance doctrine.

Defendant admits the fact of the accident and that the deceased died from the effects of injuries received when struck by the car driven by Miss Grand, but it denies that Miss Grand was guilty of any negligence. Defendant alleges that as Miss Grand approached the point of the accident from the north, the deceased was walking south on the west side of the highway from three to six feet from the edge of the pavement; that as she approached the deceased, who was near an intersection street, she blew her horn, whereupon the deceased turned toward the west and away from the highway as though he had heard the horn; that after taking one or two steps toward the west and away from the highway, the deceased suddenly turned toward the east and ran quickly onto the highway and directly in front of her car; that she was then only a few feet from the deceased, and applied her brakes but she was too close to avoid striking him with the right side of her car. In the alternative, and in case it is found that Miss Grand was guilty of any negligence, it is alleged that the deceased was guilty of contributory negligence in that he ran into the highway in front of the approaching car, without looking and without heeding the sounding of the horn.

The trial judge found that the plaintiffs had failed to prove with legal certainty that the driver of the car was guilty of negligence, and rendered judgment against the plaintiffs dismissing their suit. The plaintiffs have appealed.

It is clear from the evidence that the Grand car was not being driven too near the edge of the road, as practically all the evidence shows that the right wheels of the car were about 2 feet from the edge of the pavement for more than 100 feet north of the impact to the place where the car stopped some 25 to 30 feet south of the point of impact. It is also shown that the right front of the car struck the deceased, from which it follows that the deceased was from two to three feet out on the pavement when he was struck.

Plaintiffs now concede that Miss Grand blew her horn before reaching the point of the accident. As to her speed, that is not shown with any degree of certainty. She estimates her speed at 35 miles per hour to within 100 feet or so of the accident, and at that distance she blew her horn and slowed down to about 25 miles per hour. There is evidence of skid marks for more than 100 feet north of the accident, and also evidence tending to show that the impact was violent and the noise made by it indicated excessive speed of the car. However, the distance traveled by the car after the impact is estimated all the way from about 15 feet to 35 feet, and assuming that the car did go 20 or 30 feet after striking the deceased, that would not necessarily indicate excessive speed.

But assuming that Miss Grand was exceeding the speed limit, we do not think that her negligence in that respect was the proximate cause of the accident. As the deceased was struck in the traffic lane of the Grand car, it is obvious that he was not standing on the edge of the road as alleged in the petition. Moreover, it is manifest that he stepped in front of this oncoming car without looking in that direction, and without heeding the sounding of the horn of the Grand car. As the deceased was guilty of contributory negligence whether he was standing on the edge of the road as the car approached and then stepped in front of it without looking and listening, or whether he was walking along the side of the road going south as the car approached, as claimed by defendant, and then suddenly turned to his left and ran in front of the car, the liability of the

defendant depends on whether or not Miss Grand had the last clear chance to avoid the accident and failed to do so.

The deceased was an aged, gray-haired man of 82 or 83 years, and had only one arm. He walked a little tottering and had a peddler's basket strapped around his shoulder which caused him to walk in a kind of stooped position, with his head slightly bent forward. He had just come out of the Blue Room where he had taken a drink of wine and had started to cross the road in front or slightly to the south of the Blue Room. He was struck several feet south of the front entrance to the Blue Room which indicates that he had gone in a southeasterly direction after leaving the Blue Room and started to cross the highway at a point where the southern concrete extension of the Blue Room front intersects with the pavement on the highway and a gravel street from the west. In other words, the deceased walked down the concrete extension in front of the Blue Room in a diagonal direction from the approaching car. The old man's attention was most likely directed more towards the south than the east or north. Miss Grand says that he was still walking south just west of the paved highway when she blew her horn and slowed down her speed some 100 feet away. Other witnesses near the scene testified that they saw the old man just a moment or so before the accident and that he was then standing on the edge of the pavement about where it intersects with the gravel street and the concrete extension from the Blue Room; that the deceased was kind of stepping backwards and forwards as though looking for a chance to cross the highway. A truck was coming from the south and passed the Grand car about the time of the impact. Of course, if there was anything about the actions of the old man to indicate to Miss Grand that he did not see or hear her car and that he was about to cross the highway in front of her, it was her duty as soon as she saw, or should have seen, his situation to slow down her car and prepare to stop.

But we cannot find from the evidence where Miss Grand should have known that the deceased did not see or hear her car approaching, and that he was about to step into the highway in front of her car. If he was moving from her when she approached and blew her horn, as she says, there was nothing to indicate that he would suddenly change his course and walk in front of her car. Even though he was standing on the edge of the road moving backwards and forwards waiting for a chance to cross, there is nothing to show that Miss Grand knew or should have known that he was going to step in front of her car when he did. The preponderance of the evidence shows that she began applying her brakes for an emergency stop when she was only a few feet from the deceased, and this rather indicates that it was at that moment that his actions revealed his intention of crossing the street and that he did not see the car coming on him.

We cannot find that the trial judge was in error in his findings of fact. The judgment is therefore affirmed.